**C.A. NO. 09-72379**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| In Re TERRI JORDAN, et al., | ) | Central District Case No. |
| | ) | 09CV1887-FMC |
| Petitioners. | ) | |
| ------------------------------------------------------- | ) | |
| TERRI JORDAN, et al., | ) | |
| | ) | |
| Petitioners and Claimants, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES DISTRICT COURT | ) | |
| FOR THE CENTRAL DISTRICT OF | ) | |
| CALIFORNIA, | ) | |
| | ) | |
| Respondent | ) | |
| ------------------------------------------------------- | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent and Real Party In Interest | ) | |
| and Plaintiff, | ) | |
| _____ | ) | |

## PETITIONER'S REPLY TO THE GOVERNMENT'S OPPOSITION
## TO THE PETITION FOR A WRIT OF MANDAMUS

RICHARD M. BARNETT
Attorney At Law
Cal. State Bar Number 65132
105 West F Street, 4th Flr.
San Diego, California 92101
Telephone: (619)231-1182

Attorney for:

Petitioners and Claimants,
TERRI JORDAN, et al.

**TABLE OF CONTENTS**

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

I.    INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

II.    ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

    A.    The government's arguments that mandate is inappropriate here are devoid of merit and sometimes absurd. . . . . . . . . . . . . . 2

        1.    No Adequate Remedy at Law . . . . . . . . . . . . . . . . . 2

        2.    District Court's Order Was Clearly Erroneous . . . . 3

        3.    The Court's Order Will Be Oft Repeated or It Manifests Persistent Disregard of the Law . . . . . 3

        4.    Matter of First Impression . . . . . . . . . . . . . . . . . . . 4

    B.    The government's arguments the 60 day rule is not applicable here are infirm and misplaced. . . . . . . . . . . . . . . . . . . 5

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

CERTIFICATE OF COMPLIANCE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

STATEMENT OF RELATED CASES . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

CERTIFICATE OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 11

PROOF OF SERVICE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

# TABLE OF AUTHORITIES

**CASES:**

*In re Deborah C.*
   30 Cal.3d 125, 141 (1981) .................................... 4

*Salmo v. United States,*
   2006 WL 2975503 (E.D. Mich. 2006) .............................. 7

*United States v. $114,031.00 in U.S. Currency*,
   2007 WL 2904154 (S.D. Fla. 2007) ............................ 7

**STATUTES:**

18 U.S.C. § 983(a)(1)(A)(I) ..................................... 2,6

18 U.S.C. § 983(a)(1)(B) through (D) ............................. 6

18 U.S.C. § 983(a)(3)(A) ........................................ 7

18 U.S.C. 983(f) .............................................. 3,6

18 U.S.C. § 983(j) .............................................. 5

18 U.S.C. §983(1)(A)(v)(c) ...................................... 6

**RULES:**

Fed.R.App.P. 32(a)(7)(B) ........................................ 9

Fed.R.App.P. 32(a)(7)(B)(iii) ................................... 9

Fed.R.App.P. 32(a)(5) ........................................... 9

Fed.R.App.P. 32(a)(6) ........................................... 9

# **TABLE OF AUTHORITIES** (Continued)

**MISCELLANEOUS:**

4 146 Cong. Rec.
    S1759-62 (daily ed. Mar. 27, 2000.) . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

H.R. Rep.
    No. 106-192, at 2 (1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

C.A. NO. 09-723 79

## UNITED STATES COURT OF APPEALS
## FOR THE NINTH CIRCUIT

| | |
|---|---|
| In Re TERRI JORDAN, et al., ) | Central District Case No. |
| ) | 09CV1887-FMC |
| Petitioners. ) | |
| ------------------------------------------------------) | |
| TERRI JORDAN, et al., ) | |
| ) | |
| Petitioners and Claimants, ) | |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES DISTRICT COURT ) | |
| FOR THE CENTRAL DISTRICT OF ) | |
| CALIFORNIA, ) | |
| ) | |
| Respondent ) | |
| ------------------------------------------------------) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent and Real Party In Interest ) | |
| and Plaintiff, ) | |
| _____) | |

**PETITIONER'S REPLY TO THE GOVERNMENT'S OPPOSITION
TO THE PETITION FOR A WRIT OF MANDAMUS**

**I.**

**INTRODUCTION**

The government's lengthy statement of facts and procedural history does

not dispute the critical facts in this case. Petitioners' property was seized on or

about October 21, 2008.  Petitioners were not notified of the seizures within 60 days of the date of the property was seized.  Although Petitioners filed a motion for return of their property 92 days after the seizures, the government did not formally notify Petitioners of the seizures until 149 days after they occurred.  The two simple issues in this case are (1) whether violation of the 60 day return of property rule in 18 U.S.C. § 983(a)(1)(A)(I) requires the return of the seized property pending the civil forfeiture case and, (2) if so, whether mandate is appropriate.  Petitioners address these two issues in reverse order as did the government.

## II.

## ARGUMENT

### A.  The Government's Arguments That Mandate is Inappropriate Here Are Devoid Of Merit and Sometimes Absurd.

#### 1.  No Adequate Remedy at Law.

The government says Petitioners had three adequate remedies at law. (Opposition, pp. 9-11.)

"First, they could have directly appealed the order dismissing their motion for return of property." (Opposition, p. 9.)  But, on the very next page, the government correctly says: "To the extent that what they seek is reversal of

the district court's denial of their motion in *Assorted Firearms* for return of the motorcycles, ***which is not an appealable order*** … ." (Opposition, p. 10.) The assertion that appeal of the initial return of property motion denial provided an adequate remedy is absurd.

"[S]econd, they [Petitioners] can litigate the civil forfeiture action." (Opposition, p. 10.) But this is also absurd. What Petitioners have claimed is that they are entitled to the return of their property *now* as a matter of law no matter how the forfeiture proceedings come out.

The government also suggests that Petitioners could have asked the court to release the property pending the forfeiture proceedings. (Opposition, p. 11.) *See* 18 U.S.C. 983(f). In light of the district court's actions in this case, Petitioners believe such a request would have been futile as section 983(f) leaves the matter to court's discretion. In any event, the argument is misplaced since Petitioners have argued they are entitled to return as a matter of law.

### 2. District Court's Order Was Clearly Erroneous.

Of course, this is the very issue in this case, i.e., whether or not the district court's refusal to apply the 60 day rule to this case was clearly erroneous. Petitioners address this issue below.

### 3. The Court's Order Will Be Of Repeated or It Manifests Persistent Disregard of the Law.

The government asserts there is no evidence in this case that the error here will be repeated. The complete response is that the government does not claim it will discontinue the procedure of seizing property and not giving notice of the seizure within 60 days. Nor does the government suggest it would expect courts to disapprove of their actions. Indeed, and quite to the contrary, the whole tenor of their opposition is that the government does not need to give 60 day notices and it expects the courts will approve this inaction.

### 4. Matter of First Impression.

The government concedes this case presents an issue of first impression. (Opposition, p. 26.) However, without citation to authority or reasoning, the government says this is not enough. The government does even intimate what "more" is necessary. Their argument is legal legerdemain.

The government's complains "Petitioners' gratuitous and unsupported statement that this court's refusal to grant the relief requested 'leaves the government in a position to punish people by endlessly . . . depriving them of their property' (Petition at 13) is unfounded rhetoric." (Opposition, p. 26.) Of course, the government does not suggest how Petitioners's position is unfounded. The facts in this very case show Petitioners correctly observed what, in reality, is going on here. "[I]f [something] looks like a duck, walks like a duck and quacks like a duck, it is likely to be a duck." *In re Deborah C.* 30

Cal.3d 125, 141 (1981) (Mosk, J. concurring.).

### B. The Government's Arguments the 60 Day Rule is Not Applicable Here Are Infirm and Misplaced.

Petitioners have argued that, under the 60 day rule, the government's failure to provide them notice of the seizures within 60 days mandated the return of their property pending litigation of the civil forfeiture action.[1] The government argues the 60 day rule does not apply because there is a pending judicial forfeiture case.

Petitioners have no quarrel with the principle a court should consider a statute as a whole rather than as individual bits and pieces. (*See* Opposition, pp. 13-14.) The government's view of CAFRA is that the government can wait as long as it wants, up to five years, to commence a forfeiture action as long as no claim to the property is made by its owner. (*See* Oppostion, pp. 12-21.) Further, the government never has any duty to give notice of the seizure so long as no

---

1. The government suggests such an action would be meaningless because, given the pending forfeiture action, the district court could reorder seizures right after the property was returned. (Opposition, p. 6.) Whether or not the district court would do so is, of course, pure speculation. Moreover, whether or not such a vindictive reordering of the seizures would in fact be legal is in severe doubt. In any event, this question need not be decided here. It must also be noted that the government can obtain protective orders regarding an returned property. 18 U.S.C. § 983(j).

administrative proceeding is instigated. (Opposition, p. 13.) The government offers no reason why Congress would have enacted such a bizarre scheme especially in light of the fact CAFRA was designed to "create general rules relating to federal civil forfeiture proceedings designed to increase the due process safeguards for property owners whose property has been seized." (H.R. Rep. No. 106-192, at 2 (1999). *See also* 4 146 Cong. Rec. S1759-62 (daily ed. Mar. 27, 2000.)

A much clearer view of what Congress envisioned is that, within 60 days of the seizure, people would be given notice that their property was seized. 18 U.S.C. § 983 subsections (a)(1)(A)(I) and (a)(1)(F) (quoted in Petition, p. 5). If no notice of seizure was given within 60 days, the seized property would be returned. 18 U.S.C. § 983(a)(1)(F). However, the return of the property would not preclude a subsequent civil forfeiture proceeding. *Id.* If, after a seizure, the government believed it needed more time to investigate but wanted to keep the seized property, it could simply give notice and utilize the easy to initiate administrate forfeiture proceeding (18 U.S.C. § 983(a)(1)(B) through (D)).[2/] If investigation during pendency of this proceeding indicated civil forfeiture was appropriate, the administrative forfeiture could be dismissed and a civil

---

2.  Note also the government could request an additional 120 days in which to give notice. 18 U.S.C. §983(1)(A)(v)(c).

forfeiture begun. Alternatively, if after the notice of seizure, a person files a claim, the government would have 90 days to commence a civil forfeiture action. 18 U.S.C. § 983(a)(3)(A). During this action, if the government needed more time to investigate, it could ask the district court to give more time as it did here. (*See* Petition, pp. 6-7.) Undoubtedly, this logical reading of the statute as a whole is what has prompted so many courts to rule the 60 day rule is not trumped by initiation of a civil forfeiture action. (*See* Cases cited Petition, pp. 8-9.)[3/]

The government says the 60–day notice provision is "impractical if interpreted to apply to all federal seizures because such a reading would require the government . . . to file a civil complaint in some cases within 60 days of seizure." (Opposition, p. 16.) This is nonsense. As noted above, the government could always have 180 days plus the time an administrative forfeiture proceeding was pending plus 90 days to file its civil forfeiture action. Additionally, upon proper showing and within reason, the government could have whatever time it needs to complete its investigation regarding the civil

---

3.     The government cites *Salmo v. United States,* 2006 WL 2975503 (E.D. Mich. 2006) and *United States v. $114,031.00 in U.S. Currency*, 2007 WL 2904154 (S.D. Fla. 2007) as holding the filing of a civil forfeiture renders the 60 day rule irrelevant. Not true. The cases ruled that failure to follow the 60 day rule did not require civil forfeiture case to be ***dismissed***. They did not discuss the issue presented here.

forfeiture. Consequently, the government's assertion that enforcing the 60 day rule would be "impractical" (Opposition, p. 16) because it would hinder the busy government in enforcing the forfeiture statute (Opposition, pp. 19-20) is untenable.

As a logical reading of the statute requires and as many cases have held, the 60 day rule is not rendered inapplicable simply because a civil forfeiture action is filed. Instead, failure to give notice of seizure within 60 days requires the seized property to be returned to its owners.

### III.

### CONCLUSION

For the foregoing reasons and those set forth in Petitioners' petition, an order should enter directing the district court to order that Petitioners' motorcycles be returned to them during the pendency of the forfeiture proceeding.

Dated: November 2, 2009                Respectfully submitted,


                                       /s/ Richard M. Barnett
                                       RICHARD M. BARNETT

                                       Attorney for:
                                       Petitioners and Claimants
                                       TERRI JORDAN, ET AL.

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

I RICHARD M BARNETT hereby certify:

1.	This Petition complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) because it contains 1,718 words, excluding the parts exempted by Fed.R.App.P. 32(a)(7)(B)(iii), said word count produced by Wordperfect 12.

2.	This brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Fed.R.App.P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface using 14-point Times New Roman font.

Dated: November 2, 2009

                                        /s/ Richard M. Barnett
                                        RICHARD M. BARNETT

                                        Attorney for:
                                        Petitioners and Claimants
                                        TERRI JORDAN, ET AL.

## STATEMENT OF RELATED CASES

Pursuant to Ninth Circuit Rule 28-2.6, Petitioners' counsel states there are no cases related to this one pending in this court.

Dated: November 2, 2009

/s/ Richard M. Barnett
Richard M. Barnett
Attorney for:
Petitioners and Claimants
TERRI JORDAN, ET AL.

## CERTIFICATE OF SERVICE

I hereby certify that on November 2, 2009, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeal for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ Richard M. Barnett
Richard M. Barnett

# PROOF OF SERVICE

I, RICHARD BARNETT, do hereby state:

That I am a citizen of the United States, over the age of eighteen years, and not a party to the within action.

That my business address is 105 West F Street, 4th Floor, San Diego, California.

That on November 2, 2009, I deposited in the United States Mail, in San Diego, California, in the above-entitled action, in an envelope bearing the requisite postage a copy of **Petitioner's Reply to the Government's Opposition to the Petition for a Writ of Mandamus** to the office of the following:

Honorable Florence Marie Cooper
United States District Court
312 North Spring Street
Los Angeles, CA 90012

Steven R. Welk, Esq.
Assistant U.S. Attorney
Office of the United States Attorney
Federal Courthouse, 14th Floor
312 North Spring Street
Los Angeles, CA 90012

I declare under penalty of perjury that the foregoing is true and correct.

Executed on this 2nd day of November, 2009, at San Diego, California.

                                              <u>/s/ Richard M. Barnett</u>
                                              RICHARD M. BARNETT